

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 15, 2016

**BY ECF**
The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

**Re: United States v. Lukman Kassim, 16 Cr. 117 (PAC)**

Dear Judge Crotty:

The defendant in the above-captioned case, Lukman Kassim, is scheduled to be sentenced on September 20, 2016, after having pled guilty to one count of money order fraud, in violation of 18 U.S.C. §§ 500 and 2. The Government respectfully submits this letter in advance of the sentencing.

As an initial matter, the Government does not have any objections to the Presentence Investigation Report dated September 1, 2016 (the "PSR"), which determined that the defendant's applicable United States Sentencing Guidelines (the "Guidelines") range is 15 to 21 months' imprisonment. For the reasons set forth below, the Government respectfully submits that a sentence within the applicable range would be fair and appropriate in this case.

## I. APPLICABLE LAW

Although the Guidelines are no longer mandatory, the Guidelines still provide strong guidance to the Court following United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" – that range "should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007). As the Second Circuit has noted, although the Guidelines do not dictate a presumptively reasonable sentence, they are not merely a "body of casual advice." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted).

After making the initial Guidelines calculation, a sentencing judge must then consider the seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the four

legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available;" (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants;" and (7) "the need to provide restitution to any victims." 18 U.S.C. § 3553(a)(1)-(7); see Gall, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). To the extent the Court imposes a sentence outside the range recommended by the Guidelines, the Court must "'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" Cavera, 550 F.3d at 189 (quoting Gall, 552 U.S. at 50).

## II. DISCUSSION

The Section 3553(a) factors applicable here weigh in favor of a sentence within the applicable Guidelines range of 15 to 21 months' imprisonment.

First, a sentence within the Guidelines range is necessary to reflect the seriousness of the defendant's conduct and to provide just punishment for the offense. Here, the defendant – a four-time felon previously convicted twice of the same offense at issue here, including in this District – was arrested in connection with the use of fraudulently altered money orders to purchase furniture and other items and obtain money from at least six different stores. (PSR ¶ 11.) The defendant used at least 20 money orders that had each been purchased for amounts less than $8.00 and then fraudulently altered to list a value of $700.00. (*Id.*) Indeed, when the defendant was arrested, he had an additional twelve fraudulent money orders on his person, at least five of which had been fraudulently altered from $2.00 to $700.00. (*Id.* ¶ 13.) Finally, the defendant used a fake identity and driver's license in order to conceal his own identity in connection with these crimes. (*Id.* ¶ 11.) Given the defendant's long history of fraudulent activity, the defendant's use of fraudulent money orders at six different establishments resulting in an intended loss of over $17,000 demonstrates a pattern of troubling criminal activity and warrants a sentence within the Guidelines range.

Second, a sentence within the Guidelines range is necessary to afford adequate deterrence to this defendant. Despite four prior felony convictions for fraud in three different states –

including three federal convictions – and having been sentenced to a total of five years' imprisonment for these crimes, the defendant continued his pattern of fraudulent activity within months of completing his supervised release for the same offense in this District. Specifically, the defendant was (1) convicted in federal court in Louisiana in 2005 for using fraudulently altered money orders and sentenced to six months' imprisonment (PSR ¶¶ 33-35), (2) convicted in the Southern District of New York in 2010 for opening bank accounts using stolen identities, depositing fraudulently altered money orders, and making unauthorized purchases using stolen credit card information, and sentenced to four years' imprisonment (*id.* ¶¶ 37-38); (3) convicted in the Southern District of New York in 2010 for a case transferred from the District of Connecticut involving the deposit of counterfeit money orders and the use of a passport without authority, and sentenced to four years' imprisonment (concurrent with the previous sentence) (*id.* ¶ 41); and (4) convicted in New York Supreme Court in 2011 for using a fraudulent driver's license during a credit card transaction and sentenced to six months' imprisonment (*id.* ¶ 44). As described above, the defendant has accumulated a lengthy criminal history that demonstrates that he is a serial fraudster who cannot be deterred from criminal activity without serving additional substantial time in prison. Accordingly, a significant sentence within the applicable Guidelines range is necessary to discourage the defendant from committing further crimes following his release from prison and would impress upon him the serious consequences of his criminal conduct.

Third, a sentence within the Guidelines range is necessary for general deterrence, to promote respect for the law, and to protect the public from further crimes. The offense conduct in this case, when considered in the context of the defendant's prior convictions, reflects a troubling pattern of illegal activity. Indeed, the defendant has outstanding restitution obligations of more than $100,000 from his previous convictions in this District. Accordingly, a sentence within the Guidelines range is both necessary and appropriate to promote general deterrence and respect for the law and to protect the public from further crimes by the defendant.

## III. CONCLUSION

For the foregoing reasons, the Government respectfully submits that the defendant should be sentenced within the Guidelines range of 15 to 21 months' imprisonment.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: Sagar K. Ravi
______________________

Sagar K. Ravi
Assistant United States Attorney
(212) 637-2195